IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

**BYRON INGRAM** and **STEVEN DUNLAP**,
*Individually, and on behalf of themselves and other similarly situated current and former employees*,

   Plaintiffs,

v.                NO. _____

**ROCORE KNOXVILLE, LLC, ROCORE**  FLSA Opt-In Collective Action
**THERMAL SYSTEMS, LLC** and **KELVION,** JURY DEMANDED
**INC. a/k/a KELVION**
**COMPANY,**

   Defendants.

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Named Plaintiffs, Byron Ingram and Steven Dunlap ("Plaintiffs"), individually, and on behalf of themselves and all other similarly situated hourly-paid employees as a class, bring this Fair Labor Standards Act ("FLSA") collective action against Rocore Knoxville, LLC, Rocore Thermal Systems, LLC and Kelvion, Inc., a/k/a Kelvion Company (collectively "Defendants"), and state as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendants as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiffs and other similarly situated hourly-paid employees as defined herein.

2. Defendants violated the FLSA by failing to pay Plaintiffs and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at one and one-half their regular hourly rate of pay, as required by the FLSA.

1

3. Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Defendant, Rocore Knoxville, LLC, is a Wisconsin Limited Liability Corporation with its principal business address at 5050 S. National Drive, Knoxville, Tennessee 37914.

5. Defendant, Rocore Thermal Systems, LLC, is a Wisconsin Limited Liability Corporation with its principal business address at 2401 Directors Row, Suite R, Indianapolis, Indiana 46241.

6. Defendant, Kelvion, Inc., is a Delaware Corporation and has its principal business address at 5202 W. Channel Road, Catoosa, Oklahoma 74015.

7. Defendants constitute an integrated enterprise as that term is defined by 29 U.S.C. § 203 (r) because their related business activities are performed through united operations of common control for a common business purpose.

8. Plaintiff Byron Ingram has been employed by Defendants as an hourly-paid employee within this district at all times material to this collective action. Plaintiff Ingram's consent to join form is attached as part of collective *Exhibit A*.

9. Plaintiff Steven Dunlap has been employed by Defendants as an hourly-paid employee within this district at all times material to this collective action. Plaintiff Ingram's consent to join form is attached as part of collective *Exhibit A*.

## III. JURISDICTION AND VENUE

10. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

11. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendants conducted business in this district and Plaintiffs was employed by and performed work for Defendants

in this district during all times material to this action.

## IV. CLASS DESCRIPTION

12. Plaintiffs brings this action on behalf of himself and the following similarly situated persons as a class:

> All current and former hourly-paid employees of Defendants during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiffs and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. *§* 216(b). (Collectively, "the class").

## V. COVERAGE

13. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of 29 U.S.C. § 203(d).

14. Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), at all times mentioned hereinafter.

15. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. Plaintiffs and similarly situated hourly-paid employees of Defendants, were engaged in commerce during all times material to this collective action.

17. At all times material to this action, Defendants have been the "employer" of Plaintiffs and

3

those similarly situated, as that term is defined by §203(d) of the FLSA.

18. Plaintiffs and similarly situated hourly-paid employees have been "employees" of Defendants as that term is defined in the FLSA and, individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207 at all times hereinafter mentioned.

## VI. FACTUAL ALLEGATIONS

19. Defendants, sometimes self-described as Kelvion/Rocore and operating as an integrated enterprise, has manufactured and, continues to manufacture, engine driven and remote mounted radiators for stationary engines at manufacturing facilities located in Wisconsin, Kentucky, Texas, and Tennessee at all times material to this collective action.

20. Plaintiff Ingram and Plaintiff Dunlap were employed by Defendants as hourly-paid employees at their manufacturing facility in Knoxville, Tennessee during all times material.

21. Defendants established and administered the pay practices of Plaintiffs and similarly situated hourly-paid employees during the three years preceding the filing of this collective action.

22. Plaintiffs and other similarly situated hourly-paid employees routinely worked and performed job duties for Defendants in excess of forty (40) hours per week within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

23. At all times material to this action, Defendants have had a time keeping system for the purpose of recording the hours worked by Plaintiffs and similarly situated hourly-paid employees.

4

24. At all times material, Defendants have had a common plan, policy and practice of automatically "editing-out/deducting" a thirty (30) minute meal period during each work shift of Plaintiffs and other similarly situated hourly-paid employees, irrespective of whether they performed job duties during such "edited-out/deducted" thirty (30) minute meal periods.

25. Given their job duties and responsibilities, Plaintiffs and similarly situated hourly-paid employees were required, induced, forced, expected and/or, suffered and permitted, to perform job duties as well as not fully relieved of their job duties during such unpaid thirty (30) minute meal periods during their respective shifts within weekly pay periods during all times material.

26. Plaintiffs and those similarly situated were not compensated at the applicable FLSA overtime compensation rates of pay by Defendants for such unpaid meal periods within weekly pay periods during all times material – considering they routinely performed at least forty (40) hours of work per week, not counting such unpaid thirty (30) minute meal periods per shift.

27. Moreover, Defendants failed to "edit-in" Plaintiffs and class members' uncompensated thirty (30) minute meal periods into its time keeping system or otherwise compensate them for such unpaid meal times.

28. Defendants also employed a "rounding" policy/practice whereby Plaintiffs and putative class members were cheated out of fifteen (15) minute increments of overtime pay throughout workweeks in the statutory period.

29. For example, if Plaintiffs "clocked out" at 5:12 p.m. their compensable work time would be rounded back in favor of Defendants to 5:00 p.m.

5

30. The unpaid wage claims of Plaintiffs and class members are unified by a common theory of Defendants' FLSA violations.

31. Defendants were aware they were not compensating Plaintiffs and class members at the applicable FLSA overtime rates of pay for compensable work times within relevant weekly pay periods at all times material.

32. Defendants' common plan, policy and practice of not compensating Plaintiffs and class members for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

33. Defendants' failure to compensate Plaintiffs and those similarly situated for such unpaid thirty (30) minute meal periods was willful with reckless disregard to the FLSA overtime compensation requirements and, without a good faith basis.

34. As a result of Defendants' lack of good faith and willful failure to pay Plaintiffs and those similarly situated in compliance with the requirements of the FLSA, Plaintiffs and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

35. The net effect of Defendants' common plan, policy, and practice of practice of failing to pay Plaintiffs and those similarly situated one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) during all times material to this collective action, is that it unjustly enriched itself and enjoyed ill-gained profits at the expense of Plaintiff and class members.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs bring this case as a collective action on behalf of themselves and class members pursuant to 29 U.S.C. § 216(b) to recover from Defendants unpaid overtime compensation,

liquidated damages, statutory penalties, attorneys' fees and costs, and other related damages.

37. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a failure to pay Plaintiffs and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

38. This action is properly maintained as a collective action because Plaintiffs are similarly situated to the members of the collective class in regard to Defendants' time keeping, pay practices and compensation plans, policies and practices.

39. Plaintiffs and class members are similarly situated because their unpaid wage claims are unified by a common theory of Defendants' FLSA violations.

40. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

41. Plaintiffs will fairly and adequately protect the interests of the class as their interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims.

42. Counsel for Plaintiffs will adequately protect their interests as well as the interests of all putative class members.

43. Defendants knew Plaintiffs and class members performed compensable work and, were

not fully relieved of their job duties, during automatically "edited-out/deducted" thirty (30) minute meal breaks that resulted in excess of forty (40) hours per week within weekly pay periods and required overtime compensation to be paid as required by the FLSA. Nonetheless, Defendants operated under a common policy and practice to deprive Plaintiffs and class members of such overtime compensation.

44. Defendants' conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct caused significant damages to Plaintiffs and the collective class.

45. Defendants did not have a good faith basis for its failure to compensate Plaintiffs and class members for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

46. Therefore, Defendants are liable to Plaintiffs and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime pay.

47. Plaintiffs request this Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

48. Plaintiffs estimate there are several hundred putative members of the collective class. The precise number of collective class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents.

49. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice

in all of Defendants' work manufacturing facilities.

50. Plaintiffs and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## **COUNT I**
**(Violation of the Fair Labor Standards Act)**

51. Plaintiffs incorporate by reference all preceding paragraphs as fully as if written herein.

52. At all times material, Plaintiffs and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

53. Defendants have been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiffs and class members also have engaged in interstate commerce during all times material to this action.

54. At all times material, Defendants were an "employer" of Plaintiffs and each class members, as such term is defined by the FLSA.

55. Plaintiffs and class members were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements.

56. Plaintiffs and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

57. As a result of Defendants' common plan, policy and practice of "rounding back" their work time and also automatically "editing-out/deducting" thirty (30) minute meal break periods of Plaintiffs and class members during which times they performed work and were not fully relieved of their job duties, Defendants failed to compensate them for such time at the applicable FLSA overtime compensation rates of pay, as previously described, Defendants have violated the FLSA and is liable to them for such unpaid overtime compensation.

9

58. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

59. Through their actions, plans, policies and practices Defendants violated the FLSA by regularly and repeatedly failing to compensate Plaintiffs and class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

60. Defendants' actions were willful with reckless disregard to clearly applicable FLSA provisions.

61. Defendants' actions were not in good faith.

62. The unpaid overtime claims of Plaintiffs and the class are unified by a common theory of Defendants' FLSA violations.

63. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiffs and class members have suffered and will continue to suffer a loss of income and other damages.

64. Therefore, Defendants are liable to Plaintiffs and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiffs and class members all unpaid overtime compensation against Defendants;

b) Award Plaintiffs and class members for an amount equal to their unpaid overtime compensation, pursuant to the applicable FLSA wage and overtime rates;

c) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

d) Award Plaintiffs and class members liquidated damages in accordance with the FLSA;

e) Award prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award post-judgment interest;

g) Award Plaintiffs and the class members reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

h) Award post-judgment interest and court costs as allowed by law;

i) Enter an Order designating this action as an opt-in collective action under the FLSA;

j) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

k) Allow Plaintiffs to amend their Complaint, if necessary, as new facts are discovered;

l) Provide additional general and equitable relief to which Plaintiffs and class members may be entitled; and

m) Provide further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a **TRIAL BY JURY** as to all issues.

11

Case 3:20-cv-00423-TAV-DCP   Document 1   Filed 09/25/20   Page 11 of 12   PageID #: 11

Dated: September 25, 2020.          Respectfully Submitted,

<u>*s/Gordon E. Jackson*</u>
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*

***ATTORNEYS FOR PLAINTIFFS AND FOR OTHERS SIMILARLY SITUATED***

12

Case 3:20-cv-00423-TAV-DCP   Document 1   Filed 09/25/20   Page 12 of 12   PageID #: 12