UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BYRON INGRAM, and STEVEN DUNLAP, individually, and on behalf of themselves and others similarly situated current and former employees,<br><br>    Plaintiffs,<br><br>v.<br><br>RECORE KNOXVILLE, LLC, ROCORE THERMAL SYSTEMS, LLC, and KELVION, INC., a/k/a/ KELVION COMPANY,<br><br>    Defendants. | No. 3:20-CV-423-TAV-DCP |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 28] of the District Judge.

Now before the Court is Plaintiffs' Motion for FLSA Conditional Certification [Doc. 26]. After Plaintiffs moved for conditional certification, the parties filed a Stipulation on Plaintiffs' Motion for Fair Labor Standards Act Conditional Certification ("Stipulation") [Doc. 38]. Accordingly, based on the parties' Stipulation, the Court **RECOMMENDS** that Plaintiffs' Motion [**Doc. 26**] be **GRANTED** to the extent outlined in the parties' Stipulation and the proposed Order [Doc. 38-1].

A plaintiff alleging a Fair Labor Standards Act ("FLSA") violation can bring a representative action for similarly situated persons if the plaintiffs meet two requirements: "1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." *Comer v. Wal–Mart Stores, Inc.,* 454 F.3d 544, 545 (6th Cir. 2006) (citations omitted); *see also O'Brien v. Ed Donnelly Enters., Inc.,* 575 F.3d

567, 584 (6th Cir. 2009) (explaining the difference between a class action and a collective action), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016).

"[T]he district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." *Hoffmann–La Roche,* 493 U.S. at 169. Typically, courts have utilized a two-phase process in determining whether the proposed plaintiffs are similarly situated. The first phase takes place at the beginning of discovery, and the second phase occurs after opt-in forms have been disbursed and returned and discovery has been completed. *See Comer,* 454 F.3d at 547.

The instant case is at the first stage of certifying a representative class. "The purpose of the first stage, or conditional certification, is to provide notice to potential plaintiffs and to present them with an opportunity to opt in." *Lindberg v. UHS of Lakeside, LLC,* 761 F. Supp. 2d 752, 757–58 (W.D. Tenn. 2011). During the first stage, the standard for certification is "fairly lenient" and requires only "a modest factual showing" that the plaintiff is similarly situated to the other employees they seek to notify. *Comer,* 454 F.3d at 547. While "lead plaintiffs bear the burden of showing that the opt-in plaintiffs are similarly situated to the lead plaintiffs," *O'Brien,* 575 F.3d at 584, requests for conditional certification "typically result[ ] in 'conditional certification' of a representative class." *Hipp v. Liberty Nat'l Ins. Co.,* 252 F.3d 1208, 1218 (11th Cir. 2001) (*quoting Mooney v. Aramco Servs. Co.,* 54 F.3d 1297, 1204 (5th Cir. 1995)).

In the instant matter, the Stipulation states that the parties have agreed to conditional certification and the issuance of Court-approved notice to all individuals Defendants employed as hourly-paid employees at the Knoxville, Tennessee, facility from July 30, 2018, until the present. The parties also filed their stipulated Notice to Potential Class Members ("Notice") and Consent to Join Collective Action ("Consent") as an exhibit [Doc. 38-2] to the Stipulation. The Court has

2

Case 3:20-cv-00423-TAV-DCP   Document 39   Filed 08/24/21   Page 2 of 3   PageID #: 171

reviewed the parties' Stipulation, proposed Order, Notice, and Consent and finds them well taken. Accordingly, given the parties' Stipulation, the Court **RECOMMENDS**[1] that Plaintiffs' Motion for FLSA Conditional Certification [**Doc. 26**] be **GRANTED** to the extent outlined in the parties' Stipulation and that the parties' proposed Order [Doc. 38-1] be entered.

                                       Respectfully submitted,

                                       */s/ Debra C. Poplin*
                                       Debra C. Poplin
                                       United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).