IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

**BYRON INGRAM** and **STEVEN DUNLAP**,
*Individually, and on behalf of themselves and other similarly situated current and former employees*,

    Plaintiffs,

v.

**ROCORE KNOXVILLE, LLC, ROCORE THERMAL SYSTEMS, LLC** and **KELVION, INC. a/k/a KELVION COMPANY,**

    Defendants.

**NO.** 3:20-cv-00423-TAV-DCP

**FLSA Opt-In Collective Action**

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

COME NOW the named and opt-in Plaintiffs Byron Ingram, Steven Dunlap, William Boone, Charles Dvorak, Zachary Miracle, John DeFriece, Hugo Benavides, Courtney Finch, Kristopher Roberts, Robert Waag, Wesley Almond, Stacy Hurley, Reanna Maddox, Austin Lee, Kenya Davis, and Warren Jones, Jr. (collectively "Plaintiffs"), and Defendants Rocore Knoxville, LLC (n/k/a Kelvion Products, Inc.), Rocore Thermal Systems, LLC, and Kelvion, Inc. (collectively, "Defendants"), and jointly notify the Court that they have resolved all claims at issue in this matter. The parties stipulate to the voluntary dismissal with prejudice of Plaintiffs' claims pursuant to Fed. R. Civ. P. 41(a) conditioned upon the Court's approval of this settlement. The parties also jointly move the Court for an order approving the parties' settlement under the FLSA, 29 U.S.C. §216(b). A copy of the Settlement Agreement outlining the settlement is attached hereto as **Exhibit 1**.

1

1. Plaintiffs filed a Complaint [Doc. 1] against Defendants on September 25, 2020. The Complaint asserts claims for back wages/overtime pay, liquidated damages, and attorneys' fees under the FLSA, 29 U.S.C. §201, *et seq*.

2. Defendants filed an Answer [Doc. 18] to Plaintiff's Complaint on January 4, 2021. Defendants deny the allegations and further deny that they violated the FLSA in any respect whatsoever.

3. Plaintiffs filed their Motion for Conditional Certification on May 3, 2021. Prior to a ruling on this Motion, the parties were able to reach an agreement on conditional certification and notice was mailed to the putative class on October 27, 2021.

4. The parties engaged in written discovery of several plaintiffs and began preparations for depositions. However, prior to these depositions taking place the parties agreed to mediate this matter with Michael Russell, Esq.

5. Prior to the mediation, Defendant provided Plaintiffs with necessary time any pay data to calculate damages and assist with a productive mediation.

6. On July 21, 2022, the parties and participated in a successful mediation. The parties now seek approval to resolve this matter to avoid unnecessary further costs, time, and risks associated with continuing this litigation.

7. Although it is not clear in this Circuit that court approval of a settlement of FLSA claims is required to be binding, parties are certainly free to seek court approval of a private lawsuit brought under Section 216(b). *See Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).[1] In reviewing an FLSA settlement, the court must scrutinize the

---

[1] *But see Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 257 (5th Cir. 2012) (holding where plaintiffs were represented by counsel and knew about their FLSA rights Court approval of an FLSA settlement was not required because there was little danger of the plaintiffs being disadvantaged by unequal bargaining power.)

proposed settlement for fairness and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355; *accord Simmons v. Mathis Tire & Auto Serv., Inc.*, No. 13- 2875, 2015 WL 5008220, at *1 (W.D. Tenn. Aug. 20, 2015); *Wills v. Cellular Sales of Tenn., LLC*, No. 12-391, 2014 WL 8251539, at *1 (E.D. Tenn. Aug. 18, 2014); *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 11-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012). When it appears that a settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages[] that are actually in dispute," the Court should "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. Additionally, a court presiding over an FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

8. There are two methods in which cases of this nature can be settled. First, under 29 U.S.C. §216(c) employees may settle and release claims if payment of unpaid wages is supervised by the Secretary of Labor. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a lawsuit brought by an employee against his or her employer under §216(b), the employee may settle FLSA claims if the parties present to the court a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *Rampersad v. Certified Installation, LLC*, No. 1:12-cv-00032, 2012 WL 5906878, at *1-2 (E.D. Tenn. Nov. 26, 2012). The circumstances justifying court approval of an FLSA settlement in the private litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is

3

52417608.v1-OGLETREE
Case 3:20-cv-00423-TAV-DCP    Document 55    Filed 08/08/22    Page 3 of 13    PageID #: 208

> more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Barajas v. Sealtech, Inc.*, No. 1:13-cv-107, Doc. 41 (E.D. Tenn. Nov. 6, 2014) (quoting *Lynn's Food Stores*, 679 F .2d at 1254).

9. The settlement achieved is fair and reasonable and should be approved for several reasons. First, the proposed settlement arises out of actions for alleged unpaid overtime and other wages brought by Plaintiffs against their employer. The settlement will provide the Plaintiffs with 2 hours of "off-the-clock" time per week which computes to specified amounts of allegedly unpaid overtime per Settling Plaintiff per week.

   Plaintiffs believe such a compromise is reasonable under the circumstances given the defenses and risks associated with continuing to litigate the claims in this case. Thus, Plaintiffs and Plaintiffs' Counsel believe the proposed Settlement provides a fair recovery considering that Defendants have: (1) reasonable arguments for why the Plaintiffs should get no recovery at all; (2) a chance of having this collective decertified—potentially with the claims of all but Named Plaintiffs being dismissed; (3) legitimate arguments that liquidated damages were not available; and (4) legitimate arguments that a two-year statutory period should apply.

   Second, no collusion occurred between the Parties or their counsel. *See Schneider v. Goodyear Tire & Rubber Co.,* No. 13-2741, 2014 WL 2579637, at *2 (N.D. Ohio June 9, 2015) (considering the risk of fraud or collusion between the parties in determining whether to approve an FLSA settlement and concluding that because the parties had engaged in court-supervised negotiations, there was no such risk). Rather, this settlement was reached as a

4

result of arm's-length negotiations between the Parties through experienced attorneys and a full-day mediation involving a neutral third-party mediator, Michael Russell, Esq. *See, e.g., Athan*, 2021 WL 805430, at *4 (finding no evidence of fraud or collusion in parties' FLSA settlement where parties reached an arms' length settlement over the course of a 12-hour mediation with an independent third-party mediator); *Fitzgerald v. P.L. Marketing, Inc.*, No. 17-02251, 2020 WL 3621250, at *6 (W.D. Tenn. July 2, 2020) (recognizing there were "no concerns about fraud or collusion" where FLSA settlement was product of two mediation sessions with a respected third-party mediator).

Third, during the litigation and settlement of this action, Plaintiffs were represented by counsel who are experienced in handling wage and hour collective actions. Plaintiffs' Counsel have the experience to assess the risks of continued litigation and benefits of settlement and have done so in this action. Plaintiffs' Counsel also have a long-standing multijurisdictional practice representing both employees and employers in similar FLSA collective litigation. Defense counsel is likewise experienced in defending similar claims. Counsel for the Parties have advised their respective clients regarding the settlement and they have recommended judicial approval. Courts routinely give these recommendations weight. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness); *Athan*, 2021 WL 805430, at *6 (recognizing opinions of class counsel and representatives favored approval of FLSA settlement).

Fourth, the range of possible recovery in this case was uncertain and the Parties had very divergent positions on liability overall and damages. As noted above, Plaintiffs were at risk of, *inter alia*, recovering little or nothing due to difficult factual and legal questions and the possibility of decertification. "Given the uncertainty surrounding a possible trial in [these

5

matters], the certainty and finality that comes with settlement [] weighs in favor of a ruling approving the agreement. Likewise, such a ruling promotes the public's interest in encouraging settlement of litigation." *Dillworth v. Case Farms Processing, Inc.*, No. 08-1694, 2010 WL 7769033, at *6 (N.D. Ohio Mar. 8, 2010); *see also Fitzgerald*, 2020 WL 3621250, at *6 ("Public policy favors settlement of collective actions.").

Fifth, the proceedings have advanced through initial pleadings, fact investigation and an informal and formal discovery period, permitting the Parties and their experienced counsel to: (i) collect, obtain, and review evidence; (ii) review and assess data and other information; (iii) assess evidence provided in support of the claims and defenses in this matter; (iv) evaluate their claims and defenses; (v) understand the scope of potential damages; and (vi) engage in negotiations with the mutual understanding that dispositive motion practice and the decertification motion process would be a difficult, costly, and an uncertain undertaking.

Sixth, the complexity, expense, and likely duration of the litigation should a settlement not have been reached weighs heavily in favor of finding that this settlement is fair and reasonable. Without question, if the case had not settled, the Parties would have spent significant time and resources briefing decertification and other dispositive motions. After the resolution of these motions, the Parties would have had to engage in expensive and extensive efforts to prepare pretrial submissions and prepare for trial in this matter while those motions were pending, and eventually, may have faced the prospect of an expensive, lengthy trial as well as likely post-trial motions and appeals.

10. The proposed settlement in this case arises out of an adversarial proceeding. Both Plaintiffs and Defendants have been represented by counsel throughout the litigation, negotiation, and settlement process. Counsel for the parties agree that the settlement is fair and reasonable under the circumstances and should be approved. Rather than take the path of continued

6

litigation, the Parties directed their efforts toward an informed, efficient resolution of Plaintiffs' claims. While a number of issues remain unresolved, the expansive formal and informal discovery and fact investigation processes enabled counsel to critically assess the respective strengths and weaknesses of their case and reach the conclusion that settlement is in the Parties' best interests. The settlement eliminates the inherent risks both sides would face if this case were to continue. *See, e.g., Athan*, 2021 WL 805430, at *5 ("The Parties have compromised to avoid experiencing either extreme outcome—dismissal for Plaintiffs or an adverse judgment for Defendant. The Parties' settlement is a reasonable means for the Parties to minimize or altogether avoid future time expended, risks, and litigation costs."). Under these circumstances, the settlement is fair, reasonable, and adequate for Plaintiffs, and the Court should approve it.

11. Pursuant to the settlement, sixteen (16) Plaintiffs will receive various amounts totaling $17,389.34[2] for alleged unpaid compensation and liquidated damages. This number was derived from Plaintiffs' time and pay records. The formula used for said allocation was developed by Plaintiffs' Counsel and takes into account approximately 2 hours of "off the clock" time per week of employment where overtime was worked. This equates to roughly 3 fully missed meal breaks per week along with 30 minutes of unpaid time spent working before and and/or after shifts.

12. In exchange for the payments to be made under the Settlement Agreement, Plaintiffs have agreed to dismiss this action with prejudice. Further, Named Plaintiffs and Opt-in Plaintiffs, on behalf of their heirs, beneficiaries, devisees, legatees, executors, administrators, trustees,

---

[2] Plaintiffs state in January 2021, Defendants implemented a new timekeeping system which, the Parties agree, likely eliminated any FLSA overtime liability thereafter. Those individuals receiving $250.00 from the allocation were employed by Defendants only after this change was implemented.

7

conservators, guardians, personal representatives, successors-in-interest, and assigns, have agreed to release and discharge Defendants from any and all known and unknown claims for overtime compensation, minimum wages, liquidated damages, penalties and interest under the FLSA or applicable state laws (including statutory and common law claims for breach of contract, unjust enrichment or other common law claims relating to wage and hour issues) alleged in or arising out of the acts alleged in this action.

13. The parties have also reached an agreement as to the amount of attorneys' fees and expenses that are payable to Plaintiffs' counsel under 29 U.S.C. §216(b). This amount equals $57,610.66 for attorneys' fees and $5,000.00 for expenses. The purpose of the FLSA's attorney fees provision is "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *United Slate, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984). Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees "encourages the vindication of congressionally identified policies and rights." *Id*. at 503. The parties agree that counsel's attorney fees and expenses are reasonable and were necessary in the pursuit of this collective action. Plaintiffs' attorneys' fees and costs are reasonable given the result obtained, time expended, and time yet to be expended in administering the proposed settlement. *See Mclain et. al. v. First Acceptance Corp.*, No. 3-17-cv-00408 [ECF No. 57] (M.D. Tenn. 2018) (Crenshaw J./Holmes M.J.) (approving attorneys' fees and costs approximating 66% of the total settlement amount); *Wilson et. al. v. MMR Senior Alliance Corp et. al.*, No. 3:17-cv-1412 [ECF No. 56] (M.D. Tenn. 2018) (Crenshaw J./Holmes M.J.) (approving attorneys' fees and costs approximating 50% of the total settlement amount); *Macklin v. Delta Metals Co., Inc.*, No. 2:08-CV-02667, 2011 WL 13070420 (W.D. Tenn. July 6, 2011) (McCalla, J.) (awarding $48,802.02 in attorneys' fees

and costs and $300.15 in damages). "When the maximum recovery for an employee is relatively small because the unpaid overtime is relatively minor, [as is the case here], an attorney may reasonably recover more than the employee." *Thompson v. United Stone, LLC*, No. 14-224, 2015 WL 867988, at *2 (E.D. Tenn. Mar. 2, 2015) (collecting cases). "Indeed, the Sixth Circuit has 'upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages.'" *West v. Emeritus Corp.*, 15-437, 2017 WL 2880394, at *1-2 (M.D. Tenn. July 5, 2017) (Collier, J.) (recognizing "the relative lack of correlation between plaintiffs' recoveries and attorney's fees in FLSA cases;" awarding $46,006.31 in attorneys' fees and costs and $8,993.69 in damages).

Counsel for Plaintiffs note that no expenses will be deducted from the amounts recovered by Plaintiffs. Any expenses incurred will be deemed covered by the attorney's fees and additional costs paid to Plaintiffs' counsel. Specifically, Plaintiffs' counsel has spent over 225 hours litigating this matter including: thorough intake interviews with all Plaintiffs, answer written discovery and document production requests from Defendants, preparation for multiple depositions, in-depth analysis related to documents produced by Defendants, drafting declarations, drafting and filing the Motion for Conditional Certification and Stipulation Documents, administering a notice period, participating in an all-day mediation, and negotiating this settlement. Plaintiffs' counsel will spend more hours finalizing this settlement and distributing the settlement proceeds. At an hourly rate of $400.00 per hour, Plaintiffs' Counsel would be entitled to $90,000.00. The requested attorneys' fees are therefore only a portion of this and well below the range of previously approved hourly-rates in similar class and collective action settlements. *See Fitzgerald*, 2020 WL 3621250, at *10 (approving hourly-rates for plaintiffs' counsel ranging from $325 to $600 in FLSA collective action); Order Approving Settlement, *Flatt v. LHC Gr., Inc.*, No. 16-00014 (M.D. Tenn. Mar.

9

1, 2017) (approving reasonable hourly rates charged by plaintiffs' counsel, ranging from $285 to $600).

The amount requested by Plaintiffs' Counsel includes all costs and is less than would be billed for comparable work to an hourly-paying client. Finally, after contested negotiation, Defendant has agreed to independently pay this amount as fees and costs and does not oppose Plaintiffs' Counsel's request. In a contested fee dispute, Plaintiffs' counsel would seek rates at or above this rate, but agreed to accept a lower amount solely to resolve this matter without further contested litigation over fees.

These considerations support the reasonableness of Plaintiffs' Counsels' requested fee award. *See Athan*, 2021 WL 805430, at *9 ("The fees are all the more reasonable given that they are the result of vigorous negotiations between the Parties and are less than the total lodestar actually incurred on this matter by Plaintiffs' Counsel."). Plaintiffs therefore respectfully request that their Plaintiffs' Counsel be awarded attorneys' fees, litigation expenses, and costs in the amount of $38,740.34.

14. Finally, the requested service awards are appropriate here in light of the efforts made by Named Plaintiffs Ingram and Dunlap to protect the interests of the Opt-in Plaintiffs, the time and effort they expended pursuing this matter, as well as the substantial benefit they bestowed on the Opt-in Plaintiffs. *See, e.g., Fitzgerald v. P.L. Marketing, Inc.*, No. 17-02251, 2020 WL 3621250, at *11 (W.D. Tenn. July 2, 2020) (awarding $7,500 service payment to FLSA named plaintiff and $2,000 each to two Rule 23 class representatives for "substantially assist[ing] in the litigation by participating in client interviews and conferences with Class Counsel and by providing relevant documents"). Named Plaintiffs regularly communicated with Plaintiffs' Counsel, assisted counsel with discovery requests, reviewed documents, provided declarations in support of certification, and generally acted in a fashion that was

consistent with a representative of the highest ethical standards. Named Plaintiffs provided Plaintiffs' Counsel access to the underlying facts, which in turn led to a beneficial recovery for the Opt-in Plaintiffs. "The service payment[] Named Plaintiff[] seek[s] [is] similar to other collective and class action incentive awards approved by courts in this Circuit." *Id.* (collecting cases). Accordingly, "the requested service award[] [is] appropriate and reasonable," and should be approved. *Id.*

WHEREFORE, the parties request that their Joint Motion for Approval of Settlement be granted and that Plaintiffs' claims be dismissed with prejudice. A proposed order will be submitted to the Court for approval.

Dated: August 8, 2022.					Respectfully Submitted,

<u>s/Robert E. Turner, IV (*signed with permission)</u>
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*

*ATTORNEYS FOR PLAINTIFF*

<u>/s/Luci L. Nelson</u>
Luci L. Nelson, BPR No. 036354
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
300 North Main St., Suite 500
Greenville, SC 29601
Telephone: 864-271-1300
Email: luci.nelson@ogletree.com

Kevin S Joyner
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
8529 Six Forks Road, Suite 600
Raleigh, NC 27615
919-789-3175
Email: kevin.joyner@ogletree.com
*Admitted pro hac vice*

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been filed with the Clerk of the United States District Court for the Eastern District of Tennessee using the CM/ECF system. The Court's CM/ECF system will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF system.

*s/Luci L. Nelson*