UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

**BYRON INGRAM** and **STEVEN DUNLAP**,
*Individually, and on behalf of themselves and
other similarly situated current and former employees*,

       Plaintiffs,

v.  No.: 3:20-cv-423-TAV-DCP

**ROCORE KNOXVILLE, LLC,**
**ROCORE THERMAL SYSTEMS, LLC** and
**KELVION, INC. a/k/a KELVION COMPANY,**

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the parties' Joint Motion for Approval of Settlement pertaining to the claims brought by the named and opt-in Plaintiffs Byron Ingram, Steven Dunlap, William Boone, Charles Dvorak, Zachary Miracle, John DeFriece, Hugo Benavides, Courtney Finch, Kristopher Roberts, Robert Waag, Wesley Almond, Stacy Hurley, Reanna Maddox, Austin Lee, Kenya Davis, and Warren Jones, Jr. (collectively, "Plaintiffs"), and Defendants Rocore Knoxville, LLC (n/k/a Kelvion Products, Inc.), Rocore Thermal Systems, LLC, and Kelvion, Inc. (collectively, "Defendants").

1.     Plaintiffs are current and former employees of Defendant Rocore Knoxville, LLC (n/k/a Kelvion Products, Inc.). [Doc. 1 ¶ 12.]

2.     Plaintiffs instituted this action to recover unpaid overtime compensation allegedly owed to them under the Fair Labor Standards Act, 29 U.S.C. §§207, 216(b) *et seq*. ("FLSA"). [Doc. 1 ¶ 1]. Defendants disputed these claims. [Doc. 18].

1

3. After written discovery and a successful mediation, the parties were able to negotiate a settlement of all remaining issues. The parties have filed their proposed settlement agreement, which they deem to be fair and reasonable.

4. Pursuant to the case law regarding FLSA settlements, there are two methods in which cases of this nature can be settled. First, under 29 U.S.C. §216(c) employees may settle and release claims if payment of unpaid wages is supervised by the Secretary of Labor. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a lawsuit brought by an employee against his or her employer under §216(b), the employee may settle FLSA claims if the parties present to the court a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *Rampersad v. Certified Installation LLC*, No. 1:12-CV-00032, 2012 WL 5906878, at *1-2 (E.D. Tenn. Nov. 26, 2012).

5. The circumstances justifying court approval of an FLSA settlement in the private litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreacting. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Barajas v. Sealtech, Inc.*, No. 1:13-cv-107, Doc. 41 (E.D. Tenn. Nov. 6, 2014) (quoting *Lynn's Food Stores*, 679 F .2d at 1254).

6. After reviewing the relevant documents, including the parties' Joint Motion for Approval of Settlement and their proposed settlement agreement, the Court is satisfied that the compromise between the parties is a fair and reasonable resolution of the *bona fide* dispute.

2

Plaintiffs maintain that they were not paid for all their time worked over forty (40) hours per week at one and one-half their regular hourly rate of pay. Defendants maintain that Plaintiffs were paid what they were entitled to. The parties understand that their legal counsel would have expended large amounts of time litigating over the facts regarding exactly how much Plaintiffs should have been paid in overtime compensation.

7. The Court notes that the parties have reached an agreement as to payment of Plaintiffs' counsels' attorney fees and litigation expenses. Defendants agree to pay Plaintiffs' counsel $62,610.66 in full satisfaction of those fees and expenses and do not dispute the reasonableness of said fees. The Court finds that said fees are reasonable.

WHEREFORE, the Court finds that the parties' settlement agreement as memorialized in their proposed settlement agreement is a fair and reasonable resolution of a *bona fide* dispute under the FLSA. The negotiations were held at arms' length and the parties were represented by reputable counsel. After considering all the facts and circumstances as reflected in the documents provided, the Court has no reservations about approving this settlement. Accordingly, the proposed settlement is **APPROVED**.

The claims of Plaintiffs Byron Ingram, Steven Dunlap, William Boone, Charles Dvorak, Zachary Miracle, John DeFriece, Hugo Benavides, Courtney Finch, Kristopher Roberts, Robert Waag, Wesley Almond, Stacy Hurley, Reanna Maddox, Austin Lee, Kenya Davis, and Warren Jones, Jr. are **DISMISSED** with prejudice. Accordingly, the Clerk of the Court is **DIRECTED** to **CLOSE** the case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT
   LeAnna R. Wilson
   CLERK OF COURT